the use of the parties setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).

**Anthony F. CRACCHIOLO, et al., Appellants,**

v.

**Vickie STEPHENS, et al., Respondents.**

**No. ED 99229.**

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 2013.

John J. Pawloski, St. Louis, MO, for Appellants.

John G. Beseau, St. Louis, MO, for Respondents.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

### ORDER

PER CURIAM.

Anthony Cracchiolo and Dream and Creams, LLC (collectively, "Plaintiffs") appeal from the trial court's September 21, 2012 Order and Judgment ("Order and Judgment") sustaining the Motion to Strike Plaintiffs' First and Second Amended Petitions and for Entry of Judgment in Favor of Defendants ("Motion to Strike")

filed by Kenneth A. Ryan ("Ryan"), deceased, and Vickie Stephens, a/k/a Vickie Lichius, individually and as Trustee of Ryan's estate (collectively, "Defendants"). We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed pursuant to Rule 84.16(b).

**Cynthia L. JORDAN, Appellant,**

v.

**Heather M. MANN, Respondent.**

**No. ED 99279.**

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 2013.

Patrick W. Pedano, Saint Louis, MO, for appellant.

Bruce Eastman, Hazelwood, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

### *ORDER*

PER CURIAM.

Cynthia L. Jordan (hereinafter "Appellant") appeals the trial court's judgment dismissing her Petition for Grandparent Visitation. We affirm.

In her sole point on appeal, Appellant alleges that the trial court erred as a matter of law in dismissing her Petition for Grandparent Visitation because she properly set forth a basis upon which the court could provide her relief. Specifically, Appellant contends that she has been unreasonably denied visitation with her grandchildren for more than ninety (90) days pursuant to Missouri Revised Statute § 452.402.1(4). Appellant claims that this subsection provides a basis for relief independent from subsections 452.402.1(1), (2) and (3). We find no error and affirm.

An extended opinion would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. We affirm the judgment of the trial court pursuant to Rule 84.16(b).